# In the United States District Court
# for the
# Western District of Texas

| | |
|---|---|
| **GLENN SCHNEIDER AND CYNTHIA SCHNEIDER** § § § | |
| v.  § | SA-12-CV-774-XR |
| § | |
| **WAL-MART STORES TEXAS, LLC** | |

## ORDER

On this day came on to be heard Plaintiffs' motion to remand (docket no. 4).

### Background

On December 12, 2011, Plaintiff Glenn Schneider filed an original petition in the 285th Judicial District Court of Bexar County, Texas alleging that on December 12, 2009 he slipped and fell at a Wal-Mart store. He alleged that Wal-Mart was negligent in failing to take reasonable precautions to warn patrons, and negligent in failing to maintain its premises in a reasonably safe condition free of hazards. He alleged that he suffered from an unspecified amount of damages, including past and future medical expenses, past and future physical pain, and past and future mental anguish. In the Petition, however, Plaintiff designated the case as a Level 1 case pursuant to Tex. R. Civ. P. 190.[1]

On February 29, 2012, Mr. Schneider amended his petition to include his wife as a Plaintiff.[2] In this amended petition, Plaintiffs sought exemplary damages. In addition, Mr. Schneider stated that his physical damages included "fractures to the skull, the right arm, the pelvis, the right leg and ten ribs, also contusions, lacerations which have caused disfiguring scars, and permanent brain damage which

---

[1] "(a) Application. This subdivision applies to:
(1) any suit in which all plaintiffs affirmatively plead that they seek only monetary relief aggregating $50,000 or less, excluding costs, pre-judgment interest and attorneys' fees, and
(2) any suit for divorce not involving children in which a party pleads that the value of the marital estate is more than zero but not more than $50,000."

[2] For purposes of diversity jurisdiction, damage claims of multiple plaintiffs generally cannot be aggregated. Each plaintiff must independently meet the minimum amount in controversy requirement. *Zahn v. International Paper Company*, 414 U.S. 291, 294-95 (1973) (each plaintiff's claim must satisfy the AIC).

has left Plaintiff permanently unable to walk...." He again alleged that he suffered from an unspecified amount of damages, including past and future medical expenses, past and future physical pain, and past and future mental anguish. Plaintiffs also included claims for loss of consortium and disfigurement. In the Amended Petition, Plaintiff designated the case as a Level 2 case pursuant to Tex. R. Civ. P. 190.[3]

On March 6, 2012, Plaintiffs filed a Second Amended Petition in state court and essentially repeated the same facts and damages, but this time omitted some physical damages that were inadvertently included in the earlier filing. In response to the second amended petition, Wal-Mart filed special exceptions on July 5, seeking that the state court order Plaintiffs to state the specific amount of actual and exemplary damages they were seeking.

On July 16 or 18, 2012[4], Plaintiffs amended their petition yet again, but this time they specified the amount of losses they were seeking - $1,247,107.31 in actual losses and $1 million in exemplary damages. Wal-Mart removed this case to federal court on August 15 alleging diversity jurisdiction.

**Motion to Remand**

Plaintiffs argue that Wal-Mart untimely removed this case. Plaintiffs argue that they were deposed on February 25, 2012. They argue that the depositions revealed that Mr. Schneider underwent two corrective surgeries and this fact alone would have placed Defendant on notice that they were

---

[3] "Pursuant to rule 190.3, the 'Level 2' discovery control plan applies to cases involving more than $50,000 when another discovery control plan has not been entered by the court. See Tex. R. Civ. P. 190.3(a)." *Restaurant Teams Intern., Inc. v. MG Securities Corp.*, 95 S.W.3d 336, 339 (Tex. App.–Dallas 2002).
[4] The Court has been provided two different petitions with two different file stamp dates.

seeking an amount in excess of $75,000.[5] Accordingly, they argue that Wal-Mart should have removed this case no later than March 25.[6]

**Analysis**

In general, a defendant must file in the district court a notice of removal within 30 days after receipt of the first pleading in the state action that sets forth a removable claim. At this stage, a defendant may remove the case on the basis of diversity jurisdiction if it can establish that the amount in controversy exceeds $75,000 by a preponderance of the evidence. See 28 U.S.C. § 1446(c)(2)(B). Where removability is uncertain, the 30–day period is measured from the point at which defendant had notice that the action is removable. *See* 28 U.S.C. §§ 1446(b)(3). If the defendant does not have enough information to support removal within 30 days after the lawsuit was commenced in state court, it can take discovery in the state court to help determine the amount. See 28 U.S.C. § 1446(c)(3)(A).

Plaintiffs have provided the Court with no facts to conclude that Wal-Mart knew when suit was filed that the damages in the case exceeded $75,000. Indeed, Mr. Schneider indicated that it was a Texas Discovery Level 1 case. The question then becomes when did Wal-Mart receive a pleading or some "other paper" from which it could be ascertained that the case had become removable. To qualify as an "other paper", however, the discovery response must be "unequivocally clear and certain", so that defendant may ascertain the action's removability. *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002).

Wal-Mart acknowledges that Mr. Schneider was deposed. Yet neither Plaintiffs nor Wal-Mart have provided the Court with any relevant pages of that deposition to support or counter their

---

[5] Plaintiffs argue, with no support or evidence provided, that at the time of the depositions Wal-Mart knew or should have known that each surgery cost $17,000 and that medical costs exceeded $105,000.
[6] Plaintiffs also argue that Wal-Mart should have known that the amount in controversy requirement had been satisfied prior to the filing of the original petition. Plaintiffs, however, fail to provide the Court any evidence to support this claim.

3

arguments about the amount in controversy requirement.  Wal-Mart further argues that Plaintiffs did not provide them with any medical billing records prior to removal.  Further, Wal-Mart argues (and provides a sworn affidavit from its counsel) that it provided the Plaintiffs numerous discovery extensions to answer requests for production and interrogatories and accordingly it was unaware of the amount of damages sought prior to removal.  Given what has been presented to the Court, the Court cannot conclude that it was "unequivocally clear and certain" at any time prior to receipt of the July 16/18 amended petition that the amount in controversy exceeded $75,000.

Given the allegations stated in the February 29 petition, it could be argued that Wal-Mart may have removed at that time, but counsel for Wal-Mart contacted Plaintiffs' counsel about the various new damage claims being asserted and Plaintiffs' counsel acknowledged that there had been a "cut and paste" error and agreed to amend the petition.  Accordingly, at that time it was not "unequivocally clear and certain" that the amount in controversy exceeded $75,000.  Likewise, although the March 6 amended petition alleged that Mr. Schneider was "seriously injured" and the amended petition sought exemplary damages, it was not unequivocally clear and certain that damages exceeded $75,000.  *See Harden v. Field Mem'l Comm. Hosp.*, 265 Fed. Appx. 405, at *3 (5th Cir. 2008) (noting that allegations that plaintiff's fall resulted in a fractured nose, fractured jaw, lacerations, broken dentures, and contusions suggested that plaintiff suffered significant injury, but it was not unequivocally clear and certain that damages exceeded $75,000).[7]   Based on the record before the Court, Wal-Mart timely removed this case upon receipt of the July 16/18 amended petition.[8]

---

[7] *See also Biggs v. Cajun Operating Co.*, 2011 WL 196096 (N.D. Tex. 2011) ("Although her Petition does not state the amount in controversy, Plaintiff argues that 'it was apparent from the face of Plaintiff's Original Petition that the amount in controversy would likely exceed $75,000, exclusive of interests and costs.'  To support this contention, Plaintiff points to the Petition's allegation that she spent six days in intensive care, and to the fact that she seeks mental anguish damages, treble damages, exemplary damages, and attorneys' fees. Plaintiff then cites two cases in which a court concluded that the amount-in-controversy requirement was satisfied based on similar allegations. (*citing Luckett v. Delta Airlines*, 171 F.3d 295, 297-98 (5th Cir. 1999); *Rowlings v. Travelers Prop. Cas. Ins. Co.*, 2008 WL 2115606, at *8–9 (N.D. Tex. May 20, 2008)).  However, in both cases cited by Plaintiff, the question before the court was whether the amount-in-controversy requirement was in fact met, not whether the defendant

Plaintiffs also assert that Wal-Mart waived removal by undertaking discovery in the state court proceeding. A waiver of the right to remove must be clear and unequivocal; the right to removal is not lost by participating in state court proceedings short of seeking adjudication on the merits. *See Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 428 (5th Cir. 2003). Wal-Mart only filed special exceptions in the state court to clarify the damages and engaged in discovery procedures in this case.

Finally, Plaintiffs argue that Wal-Mart failed to adequately allege its citizenship in the notice of removal. This contention is without merit. Defendant fully explained where it was organized, where its principal place of business is located and where the members of the LLC are organized. The parties to this litigation are diverse. None of the Wal–Mart Entities is a citizen of the State of Texas.

**Conclusion**

Plaintiffs' motion to remand (docket no. 4) is denied.

SIGNED this 4th day of October, 2012.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

could ascertain it was met such that the thirty-day removal time period would be triggered. Thus, neither case supports Plaintiff's argument here. Although it may seem incongruous that a set of allegations 'can satisfy the jurisdictional amount and permit a defendant to remove, yet not allow a plaintiff to use the same approach to establish that the jurisdictional threshold has been satisfied when such plaintiff desires to remand because the defendant has not timely removed,' *Henson v. Power, Rogers & Smith, P. C.*, No. 3:06–cv–566–L, 2007 WL 313313, at *5–6 (N.D. Tex. Jan.31, 2007), the Fifth Circuit has squarely held that two different standards apply in those two different situations, and that that two lines of cases do not conflict with one another. *Bosky*, 288 F.3d at 212.").

[8] Plaintiffs' counsel alludes to the fact that Wal-Mart knew of the extent of damages. Further, as referenced above, Plaintiffs' counsel alludes to the fact that the defendant became aware that Mr. Schneider underwent two surgeries. Had the Court been provided with copies of any demand letter sent to Wal-Mart after the filing of this lawsuit, or copies of the relevant deposition pages describing the extent of injuries and damages suffered, this analysis and conclusion may have reached a different result.